UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CRISTOBAL BENAVIDES,

Petitioner,

v.

BRIAN WILLIAMS,

Respondent.

Case No. 2:23-cv-00576-ART-MDC

ORDER GRANTING
MOTION TO DISMISS

[ECF No. 32]

This counseled habeas matter comes before the Court on Respondents' motion to dismiss Petitioner Cristobal Benavides's First-Amended Petition. (ECF No. 32.) Benavides opposed the motion, and Respondents replied. (ECF Nos. 43, 50.) For the reasons stated below, the Court grants the motion and dismisses the First-Amended Petition as time barred.

## I.    BACKGROUND

At Benavides's trial, the State presented the following evidence, as summarized by the Nevada Court of Appeals:

[O]fficers from the Las Vegas Metropolitan Police Department (LVMPD) responded to a report of child molestation at Sunrise Hospital. They met seven-year-old Z.C., the victim, and Z.C.'s mother, Priscella. Priscella alleged that Benavides, the father of Priscella's boyfriend at the time, had sexually assaulted and molested Z.C. the day before. A LVMPD sex crimes detective interviewed Priscella, and forensic interviewers later took Z.C.'s statement.

Priscella, her boyfriend, and Priscella's children, Z.C., N.J, and E.J., were staying with Benavides at his home for a couple of days. Benavides was watching television with Priscella's daughters in his bedroom. Z.C. and Benavides were both on Benavides's bed. Z.C. was lying down on her back and covered by a small blanket, while Benavides was sitting upright.

Benavides reached under the blanket and began to feel and rub Z.C.'s vagina over her clothing. Z.C. described this as Benavides trying to rub and "squish[ ]" her private area. Benavides then slid his hand beneath her clothing and digitally penetrated Z.C.'s vagina. Z.C. told Benavides to stop, but he did not. He removed his hand and licked his fingers. N.J. then left the bedroom and went into the living room area to find Priscella because Z.C. told her what just happened. After N.J. left, Benavides moved his head closer to Z.C. and kissed

1

Z.C.'s vagina over her clothes. Benavides then got up and left the bedroom. Z.C. went to her mother and told her what Benavides had done. Priscella then left Benavides's residence with her children and took them to her home.

(ECF No. 29-43 at 2–3.)

The jury found Benavides guilty of two counts of lewdness with a child under the age of fourteen and one count of sexual assault on a child under the age of fourteen. (ECF No. 29-21.) Benavides was sentenced to an aggregate of 55 years to life in prison. (*Id.*) Benavides appealed, and the Nevada Court of Appeals affirmed on October 21, 2020. (ECF No. 29-43.)

Benavides filed a state habeas petition on March 16, 2022. (ECF No. 30-2.) The state court dismissed the petition as time barred. (ECF No. 30-5.) Benavides then filed an untimely appeal, and the Nevada Supreme Court dismissed it as such on September 22, 2022. (ECF No. 30-10.) Remittitur issued on October 17, 2022. (ECF No. 30-11.)

Benavides commenced this action on or about April 17, 2023. (ECF No. 1.) This Court appointed counsel for Benavides, and Benavides filed his counseled First-Amended Petition on November 5, 2024. (ECF Nos. 4, 25.) In his First-Amended Petition, Benavides raises the following grounds for relief: (1a) his trial counsel failed to ensure he received a proper hearing on his motions to appoint substitute counsel; (1b) his trial counsel failed to ensure he received a *Faretta* hearing; (1c) his trial counsel failed to effectively communicate a plea offer to him; (1d) his trial counsel failed to utilize an interpreter to go over case discovery with him; (2) his trial counsel failed to do additional DNA testing and/or provide expert testimony to explain the significance of the State's DNA test results; and (3) his trial counsel failed to ensure he could hear the trial. (ECF No. 25.)

## II.    DISCUSSION

Respondents argue that Benavides's original petition and, therefore, his

First-Amended Petition, are untimely.[1] (ECF No. 32.)

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a 1-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The 1-year limitation period, *i.e.,* 365 days, begins to run from the latest of 4 possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). For a Nevada prisoner pursuing a direct appeal, a conviction becomes final when the 90-day period for filing a petition for certiorari in the Supreme Court of the United States expires after a Nevada appellate court has entered judgment or the Supreme Court of Nevada has denied discretionary review. *Harris v. Carter,* 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); *Shannon v. Newland,* 410 F.3d 1083, 1086 (9th Cir. 2005); Nev. Sup. Ct. R. 13. The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed for the period between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *Nino v. Galaza,* 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia,* 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).

Benavides's conviction became final when the time expired for filing a Petition for Writ of Certiorari with the United States Supreme Court on March 20, 2021, which is 150[2] days after the Nevada Court of Appeals issued its order of

---

[1] Respondents also argue that Benavides's First-Amended Petition is entirely unexhausted. (ECF No. 32.) However, because this Court finds that the First-Amended Petition is untimely, it does not reach the issue of exhaustion.

[2] At this time, in response to the COVID-19 pandemic, the United States Supreme Court extended the deadline for filing a Petition for Writ of Certiorari from 90 days to 150 days.

affirmance of Benavides's judgment of conviction on October 21, 2020. The federal statute of limitations began to run the following day: March 21, 2021. The limitations period expired 365 days later on March 21, 2022.[3] Accordingly, Benavides's *pro se* Petition, which was transmitted on April 17, 2023 (ECF No. 1-1 at 1), is untimely by 391 days.

Benavides does not dispute that his *pro se* Petition is untimely by 391 days. (*See* ECF No. 43 at 3.) Rather, he contends that he is entitled to equitable tolling. (*Id.*) Benavides's equitable tolling argument is based on the following: (1) he entered prison with severe, chronic medical issues that affected his mobility as well as his memory and cognitive abilities; (2) he suffered strokes in December 2019 that left him further cognitively impaired; (3) he suffered severe and lasting pain from an abrupt stop in a transport vehicle in December 2020, which prevented him from using his dominant hand for 5 months; (4) he could not hear much despite receiving hearing aids in March 2022 because the prison rarely provided him with replacement batteries; (5) he dose not speak, read, or write much English on his own and struggled to find others to interpret or translate for him; (6) he could not access the law library in 2021 and could not get legal materials in Spanish from the law library; and (7) he received his case materials

---

[3] Although Benavides filed a state habeas petition, it would only toll the federal limitations period if it was "properly filed." The Supreme Court has held that if a habeas petitioner's state postconviction petition was rejected by the state court as untimely, it is not "properly filed" within the meaning of the statutory tolling provision of the AEDPA limitations period. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); *see also Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."). Benavides's state habeas petition was not properly filed given it was found to be untimely under state procedural rules. As such, Benavides is not entitled to statutory tolling during his state habeas proceedings.

from his attorney on a flash drive, which he could not access and which were in English. (*Id.* at 5.) Benavides also argues that he exercised reasonable diligence because (1) he filed a motion to withdraw counsel and a motion to obtain his case file soon after his direct appeal was decided in November 2020; (2) he sent kites to the law library in the summer of 2021; (3) he filed a civil action against his trial counsel seeking monetary damages and a motion for the transcripts in his case in December 2021; and (3) he mailed his state habeas petition in February 2022. (*Id.* at 12–13.)

The Supreme Court has held that the AEDPA statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is appropriate when (1) a petitioner has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 649. To satisfy the first element, a petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing." *Smith v. Davis*, 953 F.3d 582, 598–99 (9th Cir. 2020) (en banc). To satisfy the second element, a petitioner must demonstrate that the "extraordinary circumstances" were the *cause* of his untimeliness. *Grant v. Swarthout*, 862 F.3d 914, 926 (9th Cir. 2017).

This Court finds that Benavides has shown that the following aggregate extraordinary circumstances stood in his way and prevented timely filing of his federal habeas petition: Benavides's inability to access materials in Spanish, making him dependent on translations from other inmates; the closure of the law library due to Covid-19; and Benavides's inability to access his files given that they were provided on a flash drive. Nonetheless, the Court finds that Benavides fails to show that he had been diligently pursuing his federal rights. In *Pace v. DiGuglielmo*, the Supreme Court acknowledged that a federal "petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to

find out at the end that he was never 'properly filed,' and thus that his federal habeas petition is time barred." 544 U.S. 408, 416 (2005). However, the Supreme Court suggested the following remedy: "[a] prisoner seeking state postconviction relief might avoid this predicament . . . by filing a 'protective' petition in federal court and asking the federal court to stay and abbey the federal habeas proceedings until state remedies are exhausted." *Id.* Benavides' case falls within this category of cases.

Benavides filed his state habeas petition on March 16, 2022, before his AEDPA deadline expired on March 21, 2022. Yet, Benavides did not file his federal petition until more than a year later. Benavides was required to "act with diligence in preparing his [federal] petition to warrant equitable tolling." *Smith*, 953 F.3d at 601. Benavides failed to do so given that he does not explain why he could not have filed a protective federal habeas petition along with his state habeas petition.[4] The Court of Appeals for the Ninth Circuit has declined to allow equitable tolling under these circumstances. *See White v. Martel*, 601 F.3d 882, 884–85 (9th Cir. 2010) (per curiam) (determining that a state prisoner's failure to file a protective federal petition "does not demonstrate the diligence required for application of equitable tolling"); *Szabo v. Ryan*, 571 Fed.Appx. 585 (9th Cir. 2014) ("Szabo did not act with reasonable diligence in pursuing federal habeas relief. Szabo could have filed a 'protective' federal habeas corpus petition and asked the federal court to stay proceedings while he exhausted his federal claims in state court. The Supreme Court has specifically noted that this procedure is

---

[4] Even if Benavides did not know at this point that his state habeas petition was going to be denied as untimely, reasonable diligence for equitable tolling purposes refers to a petitioner's diligence in protecting his federal rights, not his state rights. *See Pace*, 544 U.S. at 418; *Lakey v. Hickman*, 633 F.3d 782, 784 (9th Cir. 2011) (explaining that a petitioner must "pursue[ ] his federal rights diligently" to obtain the benefit of equitable tolling); *see also Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1012 (9th Cir. 2009) ("[Petitioner] was not justified in assuming that his petition was timely and that he would therefore be entitled to [equitable] tolling.").

available to a state prisoner faced with uncertainty about whether his state postconviction petition is 'properly filed' for purposes of statutory tolling. And, in circumstances similar to those faced by Szabo here, we have held that a state prisoner's failure to file a protective federal petition 'does not demonstrate the diligence required for application of equitable tolling.'" (Internal citation omitted)); *Carlstrom v. Callahan,* No. 17-55594, 2025 WL 1111492, at *1 (9th Cir. April 15, 2025) ("Assuming without deciding that an extraordinary circumstance stood in Carlstrom's way and prevented timely filing, Carlstrom fails to demonstrate that he diligently pursued his rights. It is undisputed that Carlstrom filed his first state postconviction petition days before his untolled AEDPA deadline expired. Yet Carlstrom did not file his federal petition . . . for another six months.").

Because (1) Benavides is not entitled to equitable tolling due to his failure to pursue his federal rights diligently, and (2) Benavides makes no argument regarding any statutory tolling, delayed commencement of his limitations period, or an ability to void the limitations period altogether, this Court grants the motion to dismiss the First-Amended Petition as time barred.

### III.   CONCLUSION

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 32) is granted. The First-Amended Petition (ECF No. 25) is dismissed with prejudice as time barred. A Certificate of Appealability is denied as reasonable jurists would not find dismissal of this action for the reasons stated in this Order to be debatable or wrong.

It is further kindly ordered that the Clerk of Court enter judgment and close this case.

DATED THIS 6th day of March 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE